## Case No. 2,471.

### In re CARTER.

[2 Hughes, 447.][1]

District Court, E. D. Virginia. Sept., 1877.

TRUST DEED—INTEREST — FORECLOSURE—RATE OF INTEREST ON PURCHASE MONEY — EFFECT OF WAR UPON INTEREST.

1. If the trustees, in a deed given to secure the payment of a debt bearing a larger rate of interest, in selling to foreclose, allow time on the purchase-money at a reasonable rate of interest, not by direction of the cestui que trust, the debt secured by the deed continues to bear the larger interest.

2. Interest during the period of the late war allowed to be abated.

[In bankruptcy. In the matter of John R. Carter.] On exceptions to the report of Register Chilton taken by H. W. Sheffey, counsel for a lien creditor.

HUGHES, District Judge. The bond of Carter to Gurnee was for five thousand dollars and interest at the rate of 12 per cent. per annum, payable semi-annually on the 1st days of May and November in each year, the interest commencing to run on the 4th day of July, 1870. On default of the payment of any semi-annual instalment of interest the whole debt was to fall due, otherwise the debt was to mature for payment on the 1st May, 1875. Deed of trust was given upon

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

certain land to secure the debt. Default was made on the 1st November, 1873, and the trustees sold the land upon which the debt was secured on the 14th December, 1874. The sale was required by the trust deed to be made for cash, but for some reason, which is not disclosed by the papers before me, the trustees made the sale on the terms of $2.173 in cash, and three notes, for $1,954 each, respectively, on one, two, and three years' credit, with interest, from date of sale till paid, at the rate of six per cent. interest.

As no evidence is before me, or is reported by the register as having been before him, showing expressly for what object the trustees allowed time on part of the purchase-money, no evidence to show that this allowance of time was the act of the beneficiary in the deed, I think the court ought to presume that credit was given by the trustees in the interest of the sale, in order to enlarge the number of bidders and secure a higher price for the land. I see no evidence of such acts as would amount to a novation of the debt on the part of Gurnee, the creditor. There could have been no novation unless by positive and express act of the beneficiary. If that be so, then the creditor has a right to the payment of his debt, with 12 per cent. interest until paid. The act of the trustees in giving time on part of the purchase-money, at 6 per cent. interest, cannot per se affect the rights of Gurnee. The bond was given at a time when 12 per cent. interest was legal. It was a valid contract, and I see nothing to justify the court in cutting the rate of interest down from 12 to 6 per cent. The exceptions taken by the counsel for Gurnee to the register's report on that subject are therefore sustained.

The report of the register in respect to the claim of Josephus Carr, trustee for Hortensia Coe, disallowing war interest, is approved, and the exceptions of Carr thereto overruled.